IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNADETTE S.,

      Plaintiff,

v.                                                                                                    No. CIV 24-0124 JB/GJF

LELAND DUDEK, Acting Commissioner
of the Social Security Administration,[1]

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 2, 2025 (Doc. 30)("PFRD"); (ii) the Plaintiff's Objections to Proposed Findings and Recommended Disposition on Plaintiff's Motion to Reverse and Remand to Agency with Supporting Memorandum, filed February 19, 2025 (Doc. 31)("Original Objections"); (iii) the Plaintiff's Amended[2] Objections to Proposed Findings and Recommended Disposition on Plaintiff's Motion to Reverse and Remand to Agency with Supporting Memorandum, filed on February 20, 2025 (Doc. 32)("Objections"); and (iv) the Defendant's Response to Plaintiff's Amended Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition on Plaintiff's Motion to Remand, filed February 27, 2025 (Doc. 33)("Response"). The PFRD notifies the parties of their ability to file objections within fourteen days and that the failure to file objections waives appellate review. See PFRD at 26.

---

[1]Leland Dudek became Acting Commissioner of the Social Security Administration on February 19, 2025; thus, pursuant rule 25(d) of the Federal Rules of Civil Procedure, he is "automatically substituted as a party."

[2]The Plaintiff filed timely her Original Objections to the Magistrate Judge's PFRD on February 19, 2025. See Original Objections at 14. The next day, she filed her Amended Objections, which correct a typographical error in the case caption. See Objections at 1 n.2.

After conducting this de novo review, the Court will adopt the PFRD that the Honorable Gregory J. Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, proposed, overrule the Plaintiff Bernadette S.' Objections, affirm the Defendant's decision, deny Plaintiff's Motion to Reverse and Remand to Agency, filed November 12, 2024 (Doc. 23)("Motion to Reverse and Remand"), and dismiss this case with prejudice.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention

on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act,[3] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).  The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."  One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir.  1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit states that "the district court

---

[3]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[4]

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).  In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit holds that it deems the issues waived on appeal, because such actions advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).  Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." Raddatz, 447 U.S. at 674.  The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider

---

[4]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

relevant evidence of record and not merely review the magistrate judge's recommendation." In re

Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States notes that,

although a district court must make a de novo determination of the objections to recommendations

under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate

Judge's PFRD.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather

than de novo hearing, Congress intended to permit whatever reliance a district judge, in the

exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No.

42 of Stephens Cnty., 8 F.3d 722, 724-25 (10th Cir. 1993)("Bratcher")(holding that the district

court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent

with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole

or in part*, the findings  or  recommendations  made  by  the magistrate,' . . . [as] 'Congress

intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion,

chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C.

§ 636(b)(1))(emphasis in Bratcher).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of

course in the past and in the interests of justice, the Magistrate Judge's recommendations.  In

Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28,

2012)(Browning, J.), where the plaintiff fails to respond to the Magistrate Judge's PFRD, although

the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review

of the factual and legal findings in the PFRD," the Court nevertheless conducts such a review.

2012 WL 6846401, at *3.  Where there are no objections, however, the Court generally does not

review the Magistrate Judge's PFRD de novo, and determine independently necessarily what it

would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he

Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][5] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

---

[5]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation IS "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law.  Solomon v. Holder, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the recommendation to which there is no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3)); Galloway v. JP Morgan Chase & Co., No. CIV 12- 0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013) (Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").  The Court concludes that "contrary to law" does not accurately reflect the deferential standard of review that the Court intends to use when there is no objection.  Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is necessary only when a party objects to the recommendations.  The Court conclude that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations.  Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

## ANALYSIS

Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and all parts of the Magistrate Judge's PFRD to which Bernadette S. has properly objects. Having thoroughly considered the PFRD, Bernadette S.' Objections, and the Defendant's Response to those Objections, the Court sees no reason either in law or fact to depart from the Magistrate Judge's recommended disposition. In adopting the PFRD, the Court notes that one objection addresses a disagreement among Magistrate Judges in this district. See Objections at 2-7. The disagreement's crux is whether a residual functioning capacity ("RFC") determination that limits a claimant to simple, routine work accounts adequately for a claimant's moderate limitation in her ability to complete a normal workday and workweek. See Objections at 2-7. To explain the disagreement, some background information is helpful.

The Social Security Administration uses a five-step sequential evaluation process to evaluate claims for benefits. See Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003). The first four steps require the claimant to show that: (i) "he is not presently engaged in substantial gainful activity"; (ii) "he has a medically severe impairment or combination of impairments"; and either (iii) "the impairment is equivalent to a listed impairment," or (iv) "the impairment or combination of impairments prevents him from performing his past work." Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988). The claimant bears the burden at steps one through four. See Bowen v. Yuckert, 482 U.S. 137, 146 & n.5 (1987); Grogan v. Barnhart, 399 F.3d at 1261; Williams v. Bowen, 844 F.2d at 755-51, 751 n.2. If the claimant reaches step five, however, the burden shifts to the Commissioner to show that the claimant retains sufficient capacity "to perform other work in the national economy in view of his age, education, and work experience." Bowen v. Yuckert, 482 U.S. at 142, 146 n.5. At step four, the administrative law judge ("ALJ") may consider medical assessments, which non-examining

State agency consultants prepare.  See PFRD at 8-9.  A Mental Residual Functional Capacity

Assessment ("MRFCA") is one of the forms that the non-examining consultants use to assess the

severity of a claimant's impairments.  See PFRD at 8-9.  Two parts of the MRFCA are relevant

here.  The first part is the worksheet portion, also called Section I, where the consultant lists a

claimant's limitations.  For example, a MFRC's Section I worksheet portion may indicate that a

claimant is limited moderately in completing a normal workday and workweek.  The second part is

the narrative portion, also called Section III, where the consultant describes, in narrative form, the

limitations' degree and extent.  For example, a MRFCA's Section III narrative portion may say that

the claimant has the capacity to understand, remember and follow simple instructions, make simple

decisions, and respond appropriately to changes in a routine work setting.  When an ALJ develops

a claimant's RFC, the ALJ must demonstrate that he considered all pieces of relevant evidence,

including, if applicable, a MRFCA.  See PFRD at 11.

> In short, limitations found in Section I of an MRFCA are "evidence that the ALJ must consider in making . . . independent findings." Silva[ v. Colvin], 203 F. Supp. 3d. [1153,] 1159 [(D.N.M. 2016)(Vidmar, M.J.)].  When an ALJ does not clearly account for a Section I limitation, this Court must analyze whether the corresponding Section III narrative "adequately encapsulates" that limitation. Carver[ v. Colvin], 600 F. App'x [616,] 619 [(10th Cir. 2015)].  If Section III does not adequately encapsulate the omitted limitation and the ALJ did not explain the omission, the ALJ has committed legal error requiring remand.  See Parker v. Comm'r, SSA, 772 F. App'x 613, 615 (10th Cir. 2019)("If the agency had decided to omit particular limitations embodied in . . . medical opinions, the agency needed to explain the omissions.")(citing Chapo[ v. Astrue], 682 F.3d [1285,] 1291 [(10th Cir. 2012)]); see also Jensen[ v. Barnhart], 436 F.3d [1163,] 1165 [10th Cir. 2005)]("Failure to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.").

Ortiz v. O'Malley, No. CIV 22-0660 LF, 2024 WL 278290, at *5 (D.N.M. Jan. 25, 2024)(Fashing,

M.J.)(this Court's MOO adds brackets).

Against this backdrop, Magistrate Judge Fouratt holds in the PFRD, as he has in the past,

that, "by limiting the plaintiff to simple work and simple decisions, the ALJ['s RFC] accounted for

a moderate limitation in completing a workday and workweek," even if the State agency consultant

lists the claimant's workday-workweek limitation in the MRFCA's Section I worksheet portion, but neither the MRFCA's Section III narrative nor the ALJ's RFC mentions that limitation explicitly.  PFRD at 16-19.  See Padilla v. Berryhill, No. CIV 17-329 GJF, 2018 WL 3830930, at *15 (D.N.M. Aug. 13, 2018)(Fouratt, M.J.).   The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, and the Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, hold otherwise.  In their view, an ALJ's RFC that limits a claimant to simple work does not account for a moderate limitation in completing a workday or workweek. See Saiz v. Kijakazi, No. CV 22-742 DHU/KK, 2023 WL 5368889, at *12 (D.N.M. Aug. 22, 2023)(Khalsa, M.J.), report and recommendation adopted, No. 22-742 DHU/KK, 2024 WL 4333215 (D.N.M. Sept. 27, 2024)(Urias, J.); Ortiz v. O'Malley, 2024 WL 278290, at *7.  Having reviewed the issue carefully, the Court concludes that Magistrate Judge Fouratt's approach is correct.  In the most recent published case on this issue, the Tenth Circuit resolves the issue.  See Smith v. Colvin, 821 F.3d 1264, 1268-69 (10th Cir. 2016).  In Smith v. Colvin, the State agency consultant listed the following moderate limitations in the MRFCA's Section I worksheet portion:

- maintain concentration, persistence, and pace,

- remain attentive and keep concentration for extended periods,

- work with others without getting distracted,

- complete a normal workday and workweek without interruption for psychologically based systems,

- perform at a consistent pace without excessive rest periods,

- accept instructions and respond appropriately to criticism by supervisors,

- get along with coworkers or peers without distracting them or engaging in behavioral extremes,

- respond appropriately to changes in the workplace, and

- set realistic goals or independently plan.

Smith v. Colvin, 821 F.3d at 1268 (bullets in original).  The MRFCA's Section III narrative portion

concludes that the claimant "could (1) engage in work that was limited in complexity and (2)

manage social interactions that were not frequent or prolonged."  821 F.3d at 1268.  Similarly, the

ALJ's RFC provides that the claimant "(1) could not engage in face-to-face contact with the public

and (2) could engage in only simple, repetitive, and routine tasks."  821 F.3d at 1269.  The Tenth

Circuit concludes that the ALJ does not err, because the RFC accounts the Section I limitations,

which the ALJ is required to consider.  See 821 F.3d 1269 ("Through these [RFC] findings, the

administrative law judge incorporated the functional limitations of Ms. Smith's moderate

nonexertional impairments."  Thus, Smith v. Colvin establishes that an ALJ's RFC which limits a

claimant to simple, repetitive, and routine tasks accounts adequately for a moderate limitation in

completing a normal workday and workweek.  Magistrate Judge Fouratt's approach applies this

binding precedent faithfully.  See PFRD at 16-19; Padilla v. Berryhill, 2018 WL 3830930, at *15.

Magistrate Judge Khalsa and Magistrate Judge Fashing disagree with Magistrate Judge

Fouratt's approach.

> Turning to the ALJ's mental RFC assessment, the Court likewise finds no
> obvious connection between the ALJ's restrictions (i.e., to simple work with a
> reasoning level of no more than two, at a reasonable pace for two hours at a time,
> no more than occasional change in routine work setting, and no more than occasional
> independent goal setting or planning), and a moderate limitation, per Drs. Walker
> and McGaughey, in Plaintiff's abilities to complete a normal workday and workweek
> and to perform at a consistent pace without excessive breaks.

Saiz v. Kijakazi, 2023 WL 5368889, at *12.

> While it is true that an RFC that limits a claimant to simple, routine work
> may sometimes account for moderate non-exertional limitations, see Vigil v. Colvin,
> 805 F.3d 1199, 1203 (10th Cir. 2015), this limitation does not account for a moderate
> limitation in the ability to complete a normal workday and workweek.

Ortiz v. O'Malley, 2024 WL 278290, at *7.  Neither Magistrate Judge Fashing nor Magistrate Judge

Khalsa provide any published Tenth Circuit authority indicating that Smith v. Colvin is wrong on

this issue, or that Smith v. Colvin should be read any differently than how the Court and Magistrate

Judge Fouratt read the case.  See Ortiz v. O'Malley, 2024 WL 278290, at *7; Saiz v. Kijakazi, 2023

WL 5368889, at *11-12.  Magistrate Judge Fashing, quoting Magistrate Judge Khalsa, identifies,

however, social security guidelines that appear to be inconsistent with Smith v. Colvin's holding:

"The ability to complete a normal workday and workweek is 'critical for performing unskilled work

. . . [and] necessary for performing any job,' even a job that only entails simple, routine work."

Ortiz v. O'Malley, 2024 WL 278290, at *7 (quoting Saiz, 2023 WL 5368889, at *9 (citing POMS

DI § 25020.010(B)(3)(e), (i) and POMS DI § 25020.010(B)(2)(a))(ellipses in Ortiz v. O'Malley,

but not in Saiz v. Kijakazi).  The Program Operations Manual System ("POMS") "is a set of policies

issued by the SSA 'to be used in processing claims.'"  Ramey v. Reinertson, 268 F.3d 955, 964

(10th Cir. 2001)(quoting McNamar v. Apfel, 172 F.3d 764, 766 (10th Cir. 1999)).  Courts "may

always defer to the program manual 'to the extent it has the power to persuade.'"  Rose as next

friend of Rose v. Brown, 14 F.4th 1129, 1133 n.3 (10th Cir. 2021)(quoting Kisor v. Wilkie, 588

U.S. 558, 573 (2019)).  POMS DI § 25020.010(B)(3)(e) provides that "[m]aintain[ing] regular

attendance and be[ing] punctual within customary tolerances" are "[m]ental abilities critical for

performing unskilled work."  POMS DI § 25020.010(B)(3)(e).  POMS DI § 25020.010(B)(3)(i)

provides that "[c]omplet[ing] a normal workday and workweek" are "[m]ental abilities critical for

performing unskilled work."  POMS DI § 25020.010(B)(3)(i).  POMS DI § 25020.010(B)(2)(a)

provides that "[t]he ability to complete a normal workday and workweek" is also a "mental abilit[y]

needed for any job."  POMS DI § 25020.010(B)(2)(a).  These regulations conflict with Smith v.

Colvin's holding that limiting a claimant to simple work accounts adequately for a moderate

limitation in ability to complete a normal workday and workweek.  If all jobs require an ability to

complete a normal workday and workweek and unskilled jobs also require an ability to maintain

regular attendance, then limiting a claimant to simple, routine work does not necessarily show that

the ALJ took into account a claimant's workday-workweek limitation, given that the claimant may

not be able to meet the POMS' requirements.  On a clean slate, the Court agrees with Magistrate

Judges Khalsa and Fashing's reading of the regulations, and believes, respectfully, that Smith v.

Colvin is wrongly decided, but the slate is not clean; the Court must faithfully apply the binding

published Tenth Circuit precedent in Smith v. Colvin.

This issue is dispositive in Bernadette S.' case.  Bernadette S. alleges that the ALJ errs by

not taking into account her Section I limitation in her ability complete a normal workweek.  See

Motion to Reverse and Remand at 15; Reply in Support of Motion to Reverse and Remand to

Agency with Supporting Memorandum at 5-6, filed January 7, 2025 (Doc. 28)("Motion to Reverse

and Remand Reply").  Bernadette S. argues that, although the ALJ's RFC limits her to "'work

involving instructions that can be learned in 30 days or less with no more than 1 to 3 step tasks,'"

PFRD at 6 (citing ALJ Decision at 5[6] (dated July 17, 2023), filed April 5, 2024 (Doc. 11)), and the

MRFCA's Section III narrative portion determines that she can "'understand, remember and carry

out at least simple instructions [and] make simple decisions,'" PFRD at 10 (quoting Disability

Determination Explanation at 7[7] (dated October 4, 2022), filed April 5, 2024 (Doc. 11)), the ALJ

does not discuss Bernadette S.' moderate limitation in her ability to complete a normal workday

and workweek, as listed in the MRFCA's Section I worksheet portion, see PFRD at 11, 16;

Objections at 2-8; Motion to Reverse and Remand at 15; Motion to Reverse and Remand Reply at

5-6.  In other words, Bernadette S.: (i) rejects Smith v. Colvin's holding that limiting a claimant to

simple, routine work accounts adequately for a limitation in ability to complete a normal workday

and workweek; and (ii) urges the Court to follow Magistrate Judge Fashing and Magistrate Judge

---

[6]Page 5 of the ALJ Decision corresponds to page 37 of the social security proceedings transcripts, which were filed in this case on April 5, 2024, and April 8, 2024.  See Transcript of Proceedings, filed April 5, 2024 (Doc. 11); Transcript of Proceedings, filed April 8, 2024 (Doc. 12).

[7]Similarly, page 7 of the Disability Determination Explanation corresponds to page 122 of the social security proceedings transcripts.

Khalsa's approach.  In the PFRD, Magistrate Judge Fouratt disagrees with Bernadette S., and, to support his conclusion, cites Smith v. Colvin.  See PFRD at 16-19.  Because Smith v. Colvin is binding precedent, the Court agrees with Magistrate Judge Fouratt's approach, and, thus, adopts the PFRD in full.  The Court also agrees with Magistrate Judge Fashing and Magistrate Judge Khalsa that the POMS indicate that limiting a claimant to simple, routine work does not account for a moderate limitation in ability to complete a workday and workweek.  This discrepancy suggests that Smith v. Colvin's holding is ripe for Tenth Circuit reconsideration.

**IT IS ORDERED** that: (i) the Plaintiff's Objections to Proposed Findings and Recommended Disposition on Plaintiff's Motion to Reverse and Remand to Agency with Supporting Memorandum, filed February 19, 2025 (Doc. 31), are overruled; (ii) the Plaintiff's Amended Objections to Proposed Findings and Recommended Disposition on Plaintiff's Motion to Reverse and Remand to Agency with Supporting Memorandum, filed on February 20, 2025 (Doc. 32), are overruled; (iii) the Magistrate Judge's Proposed Findings and Recommended Disposition on Plaintiff's Motion to Reversed and Remand, filed February 5, 2025 (Doc. 30), is adopted; (iv) the Plaintiff's Motion to Reverse and Remand to Agency, filed November 12, 2024 (Doc. 23), is denied; (v) this case is dismissed with prejudice; and (vi) the Court will enter a separate Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

- 14 -

*Counsel:*

Katherine H. O'Neal
O'Neal Appellate Law, LLC
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Richard W. Pruett
  Special Assistant United States Attorney
Social Security Administration
Baltimore, Maryland

       *Attorneys for the Defendant*